## Harrison *v.* Breeden.

It is not necessary to the validity of a mechanic's lien that the contract for labor and materials should be reduced to writing; the lien will attach if suit is brought within the time prescribed by the statute.

IN ERROR from the circuit court of the county of Adams.

This was a proceeding, by petition, in the circuit court, to enforce a mechanic's lien, where the contract had not been reduced to writing.

SANDERS for plaintiff in error.

MONTGOMERY & BOYD *contra.*

*Per Curiam.*

This case involves the construction of the law in regard to the lien of mechanics, and all the questions involved in the record have been determined at the present term of this court, in the case of Richardson *v.* Warwick & Ray. See ante, page 131.

It is insisted, in this case, that the lien can only attach when the contract for the work or materials has been reduced to writing. The contract, in the case just cited, was a verbal one; and, although the point was not made, it was the subject of consideration.

The statute does not, in express terms, require the contract to be written; and there is no reason why we should insert a condition. If it be not reduced to writing, it cannot be recorded; and one of the modes of preserving the lien cannot be resorted to, yet the other mode of retaining it, by bringing suit, may be adopted. Writing is rarely, if ever, necessary to the validity of a contract, unless by virtue of some statutory provision.

The other objections urged in this cause were expressly considered and overruled in the case above cited.

The judgment will be affirmed.